UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 06-cv-6213 |
| | ) (JFK) |
| v. | ) ECF CASE |
| | ) |
| FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, OFFICE OF ACQUISITION MANAGEMENT; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, OFFICE OF SOLID WASTE AND EMERGENCY RESPONSE, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

_____ )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### STATEMENT OF THE CASE

1.     This complaint alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, by the Federal Emergency Management Agency ("FEMA"), United States Environmental Protection Agency ("EPA"), EPA Office of Acquisition Management ("EPA OAM"), and EPA Office of Solid Waste and Emergency Response ("EPA OSWER"), for refusing to disclose records regarding the government's response to Hurricanes Katrina and Rita.

2.     According to EPA data, there were over 575 reported Katrina-related spills of hazardous chemicals or oil.  It is estimated that approximately

350,000 cars and other vehicles were destroyed, releasing an unknown amount of gasoline and other toxic fluids.  Moreover, dozens of Superfund sites, other toxic waste sites, toxic material handlers, and underwater areas with highly contaminated sediment were affected by the storms.  Scores of major industrial facilities, ports, barges, and vessels that handle enormous quantities of oil and hazardous chemicals were also in the path of the hurricanes.

3.     To date, EPA has not released total figures on the scope and severity of the spills of hazardous chemicals and oil.

4.     EPA has taken hundreds of sediment samples in New Orleans and other areas hit by Hurricanes Katrina and Rita.  The sediment sampling shows large sections of the New Orleans area are highly contaminated with arsenic and other contaminants, including lead, diesel-range organics, and benzo(a)pyrene. All of these pollutants are known to have toxic effects on human health.

5.     The public has repeatedly asked EPA and FEMA to carefully review and assess the problem of post-hurricane toxics, and then to clean up where needed.   To date, both EPA and FEMA have failed to conduct such a public evaluation, provide specific recommendations, or do any sediment cleanup, instead issuing generalized reassurances of safety, while admitting that there are "localized areas" with high toxin levels.

6.     FEMA is the designated "lead agency" in the federal government's response to Hurricanes Katrina and Rita.

7.     On December 19, 2005, plaintiff Natural Resources Defense Council, Inc. ("NRDC") submitted FOIA requests to defendants FEMA, EPA, EPA

OAM, and EPA OSWER, seeking records related to environmental and public health threats generated by Hurricanes Katrina and Rita.

8.     Each agency failed to provide a complete response to NRDC's FOIA request by the statutory deadline.  EPA OSWER failed to respond at all.

9.     NRDC seeks a declaration that FEMA, EPA, EPA OAM, and EPA OSWER have violated FOIA by refusing to disclose responsive records, and an injunction ordering defendants to provide those records.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action.  Venue is proper in Southern District of New York, pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.    Plaintiff NRDC is a not-for-profit, environmental membership organization with headquarters in New York, NY and more than 550,000 members nationwide.  NRDC's membership and staff of lawyers, scientists, and other environmental specialists have a long-standing interest in protecting the public from toxic pollution.

12.    NRDC has produced numerous reports and policy papers documenting and analyzing environmental contamination in New Orleans from the hurricanes.  NRDC has testified on numerous occasions before the United States Senate and House of Representatives on the issue of environmental contamination in New Orleans from the hurricanes.  NRDC has also spoken at conferences and other events on the topic of environmental contamination from the hurricanes.

3

13.     NRDC regularly conveys important information to the public by way of publications and press releases, as well as by disseminating information and documents obtained through FOIA requests.  From November 2005 to February 2006 alone, NRDC was featured in over seventy print, internet, television, and radio news stories on environmental contamination in New Orleans from the hurricanes.

14.     NRDC brings this action on its own behalf, and on behalf of its members.  NRDC and its members have been and continue to be injured by defendants' refusals to provide responsive records.  The requested relief will redress NRDC's injury.

15.     Defendants FEMA, EPA, EPA OAM and EPA OSWER are all federal agencies within the meaning of FOIA, and have possession or control of the records that NRDC seeks in this action.

**STATUTORY FRAMEWORK**

16.     FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies.  5 U.S.C. § 552(a)(3)(A).

17.     Upon receiving a FOIA request, an agency has twenty working days to respond.  5 U.S.C. § 552(a)(6)(A).  If the agency denies the FOIA request, the requester is entitled to appeal the determination within thirty days. FOIA requires the agency to make a determination with respect to an appeal within twenty working days.  5 U.S.C. § 552(a)(6)(A)(ii).

18.     Although an agency may grant itself an extension in "unusual circumstances," FOIA does not permit an agency to delay an initial response or an appeal determination for longer than ten working days.  5 U.S.C. § 552(a)(6)(B).

19.     A requester is entitled to a waiver of fees associated with responding to a FOIA request when the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

20.     FOIA expressly provides that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions" governing its response to a FOIA request or an appeal.  5 U.S.C. § 552(a)(6)(C).

## FACTUAL BACKGROUND

**A.     NRDC's December 19, 2005 FOIA Requests**

21.     On December 19, 2005, NRDC filed separate FOIA requests with FEMA, EPA, EPA OAM, and EPA OSWER.

22.     NRDC's request to FEMA sought all materials related to maps identifying localized releases of hazardous or potentially hazardous materials, and records and information provided to or used to brief officials on environmental and public health issues related to Hurricanes Katrina and Rita.

23.     NRDC's request to EPA and EPA OSWER sought all records and information provided to or used to brief officials on environmental and public

health issues related to Hurricanes Katrina and Rita; the results of any pre- or post-Katrina sampling, testing, or monitoring for contamination at or near the Thompson-Hayward facility in New Orleans; records regarding the results of any post-Katrina sampling, testing, or monitoring for mold or endotoxins; records regarding post-Katrina sampling, testing, or monitoring of drinking water and damage to, or the condition of, drinking water systems; records relating to the quality, content, or character of debris created or left behind by the hurricanes, the results of any sampling or testing of such debris, and plans or procedures for managing this debris; and any records quantifying the risks to human health in the aftermath of Hurricane Katrina.

24.     NRDC's request to EPA OAM sought all records reflecting discussing, or describing any contracts for the transport, removal, management, storage, or disposal of debris left behind by the hurricanes; and contracts for environmental sampling, testing or remediation related to Hurricanes Katrina and Rita.  Specifically, NRDC requested EPA waste management contracts with four companies:  Ashbritt, Inc., Ceres Environmental Services, ECC Operating Services, Inc., and Phillips and Jordan, Inc.

25.     NRDC is entitled to a full fee waiver pursuant to FOIA's public interest exception, 5 U.S.C. § 552(a)(4)(A)(iii).  NRDC intends to disseminate the requested information to its members and the general public to provide a better understanding of the scope and severity of environmental contamination in New Orleans as a result of Hurricanes Katrina and Rita.  NRDC has no intention to use any of the requested information for a commercial purpose.

26.     The statutory deadline for a complete response from all agencies was January 19, 2006.

**B.     FEMA's Failure to Respond**

27.     By letter dated February 22, 2006, FEMA acknowledged receipt of NRDC's request.  FEMA stated that the documents relating to the request were not located in its office, and referred the request to FEMA's Louisiana Joint Field Office for processing and direct reply.

28.     By letter dated April 8, 2006, FEMA's Office of General Counsel ("OGC") acknowledged receipt on March 28, 2006 of NRDC's request by the Louisiana Joint Field Office.

29.      To date, FEMA has failed to provide any responsive documents to NRDC's FOIA request.

30.     Under FOIA and FEMA regulations, FEMA's response was due not later than January 19, 2006.

**C.     EPA's Failure To Respond**

31.     By letter dated December 19, 2005, EPA acknowledged receipt of NRDC's FOIA request.  In the letter, EPA stated that appropriate "program(s) and/or regional offices" had been assigned to NRDC's request and would respond to NRDC directly.

32.     To date, EPA has failed to provide any responsive documents to NRDC's FOIA request.  In addition, no other EPA program or regional office has responded to NRDC's FOIA request of EPA.  On information and belief, EPA Headquarters possesses documents responsive to NRDC's request.

33.     Under FOIA and EPA regulations, EPA's response was due not later than January 19, 2006.

**D.      EPA OAM's Inadequate Response**

34.     By letter dated December 21, 2005, EPA OAM acknowledged receipt of NRDC's FOIA request.

35.     On January 11, 2006, EPA OAM responded by electronic mail, and released one document entitled the "Hurricane Katrina Spending Report."  EPA OAM stated that, absent a response from NRDC, the released report completed NRDC's FOIA request.

36.     On January 12, 2006, NRDC answered EPA OAM by electronic mail stating that the "Hurricane Katrina Spending Report," although informative, did not by itself satisfy NRDC's FOIA request.  EPA OAM did not provide the specifically requested EPA contracts relating to debris and environmental sampling.  NRDC offered to assist in expediting EPA OAM's search by reviewing a list of all Katrina-related contracts that EPA OAM had entered into to date, and to identify specific contracts that specifically addressed the request.

37.     On January 31, 2006, EPA OAM notified NRDC by electronic mail that the request would remain open.  EPA OAM stated that it would coordinate a response with the EPA FOIA office because "most" of the contracts were not located at the EPA OAM office, but at EPA regional offices.  EPA OAM stated that each regional office location would respond directly to NRDC with its portion of the responsive records requested.

38.     On February 16, 2006, EPA Region 1 sent NRDC a copy of two contracts in response to NRDC's request.  The contracts, although informative, did not completely respond to NRDC's FOIA request.

39.     On March 16, 2006, EPA OAM sent NRDC two documents by electronic mail.  The documents provided by EPA OAM, although informative, did not satisfy NRDC's request.  EPA OAM also noted that EPA offices in Research Triangle Park, Cincinnati, as well as EPA Regions 1, 4, and 6, would also respond to the request.

40.     By letter dated May 17, 2006, EPA Region 4 ("Region 4") acknowledged its receipt of NRDC's FOIA request of EPA OAM, and notified NRDC that it could not comply with FOIA's 20-day statutory deadline.  Under FOIA and EPA regulations, a response by Region 4 was due on May 17, 2006. Region 4 further informed NRDC that due to exceptional circumstances, it needed an additional 30 days to process NRDC's request (until June 29, 2006).

41.     By letter dated June 27, 2006, Region 4 notified NRDC that it would not be able to meet the June 29th deadline for production of responsive documents.  Included in the notification were some responsive documents that Region 4 described as a "partial response" to NRDC's FOIA request.  In the letter, Region 4 stated that it would completely respond to NRDC's request by July 12, 2006.

42.     On July 11, 2006 Region 4 provided 14 additional documents, and listed 27 withheld documents.  The documents provided, although informative,

did not fully satisfy NRDC's request, as they did not include the waste management contracts with the four companies specifically requested.

**E.      EPA OSWER's Failure to Respond**

43.      EPA OSWER's response was due not later than January 19, 2006.

44.      To date, EPA OSWER has failed to respond to NRDC's FOIA request in any manner.

## CLAIMS FOR RELIEF

### First Claim for Relief (FEMA)

45.      By failing to provide all records responsive to NRDC's December 19, 2005 FOIA request, FEMA has violated FOIA's mandate to release agency records to the public.  5 U.S.C. § 552(a)(6)(A)(i).

46.      NRDC is entitled to obtain the requested records immediately at no cost.

### Second Claim for Relief (EPA)

47.      By failing to provide all records responsive to NRDC's December 19, 2005 FOIA request, EPA has violated FOIA's mandate to release agency records to the public.  5 U.S.C. § 552(a)(6)(A)(i).

48.      NRDC is entitled to obtain any responsive records immediately at no cost.

### Third Claim for Relief (EPA OAM)

49.      By failing to provide all records responsive to NRDC's December 19, 2005 FOIA request, EPA OAM has violated FOIA's mandate to release agency records to the public.  5 U.S.C. § 552(a)(6)(A)(i).

50.     NRDC is entitled to obtain the requested records immediately at no cost.

Fourth Claim for Relief (EPA OSWER)

51.     By failing to respond to NRDC's December 19, 2005 FOIA request, EPA OSWER has violated FOIA's mandate to release agency records to the public.  5 U.S.C. § 552(a)(6)(A)(i).

52.     NRDC is entitled to obtain the requested records immediately at no cost.


## REQUEST FOR RELIEF

WHEREFORE, plaintiff NRDC respectfully requests that the Court enter judgment providing for the following relief:

(1)     Declare that defendants have violated FOIA by failing to provide all records responsive to NRDC's December 19, 2005 FOIA requests;

(2)     Order defendants to make all the requested records available to NRDC within twenty days, at no cost to NRDC;

(3)     Award NRDC its litigation costs and reasonable attorneys' fees in this action; and

(4)     Grant such other relief as the Court may deem just and proper.


Dated:  New York, New York
        August 16, 2006

                        Respectfully submitted,

  s/

Nancy S. Marks (NM 3348)
Natural Resources Defense Council, Inc.
40 West 20th Street
New York, N.Y. 10011-04231
Phone:  (212) 727-2700
Fax:    (212) 727-1773

Counsel for Plaintiff


Of Counsel:
Albert Huang
Natural Resources Defense Council, Inc.
40 West 20th Street
New York, N.Y. 10011-04231
Phone:  (212) 727-2700
Fax:    (212) 727-1773

Patrice Simms
Natural Resources Defense Council, Inc.
1200 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Phone:  (202) 289-6868
Fax:  (202) 289-1060